UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ELIZABETH A. WILLIS, | CIV. NO. 2:17-00366 WBS AC |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| v. | |
| JPMORGAN CHASE BANK, N.A.; and DOES 1-20 inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiff Elizabeth A. Willis brought this action against JPMorgan Chase Bank, N.A. ("Chase") for violation of the California Homeowner's Bill of Rights ("HBOR") and negligence arising out defendant's alleged mishandling of plaintiff's loan modification requests. The matter is now before the court on defendant's Motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. (Docket No. 3).)
///

1

I.   Factual and Procedural Background

Plaintiff refinanced her residential mortgage loan with Chase in 2006. (Compl. ¶ 7 (Docket No. 1-1).) She refinanced her home mortgage with a first lien mortgage loan and also obtained a home equity line of credit ("HELOC"). (Def.'s Request for Judicial Notice ("RJN") Exs. 1-2 (Docket Nos. 3-2, 3-3).)[1]

Plaintiff alleges that she requested a loan modification application in May 2016 and submitted a completed loan modification application on July 8, 2016. (Compl. ¶¶ 8-9, 12.) Chase allegedly lost plaintiff's documents on several occasions and required plaintiff to resubmit several documents. (Id. ¶¶ 13-14.)

Chase allegedly denied plaintiff's loan modification on the HELOC but did not make a decision on the first lien loan. (Id. ¶ 14.) Shortly thereafter, plaintiff allegedly "received correspondence that foreclosure proceedings were being initiated" against her. (Id. ¶ 15.) Plaintiff allegedly resubmitted her application on October 24, 2016, but never received any information regarding her first lien loan modification

---

[1] A court may take judicial notice of facts "not subject to reasonable dispute" that are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "[A] court may take judicial notice of 'matters of public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citing Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)). Defendants request that the court judicially notice two recorded documents-- the deed of trust for the first lien mortgage and the California open-end deed of trust for the HELOC. (See RJN Exs. 1-2.) The court will take judicial notice of these documents because they are matters of public record whose accuracy cannot be questioned. See Thompson v. Residential Credit Sols., Civ. No. 2:11-2261 WBS DAD, 2011 WL 5877075, at *2 (E.D. Cal. Nov. 22, 2011).

application.  (Id. ¶¶ 17-18.)

Plaintiff initiated this action in state court against Chase on January 12, 2017, alleging (1) violation of the HBOR, Cal. Civ. Code § 2923.6(c)-(d); and (2) negligence.  Defendant subsequently removed this case to federal court.  (Docket No. 1.)

II.  Discussion

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Under this standard, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  Twombly, 550 U.S. at 556.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they

3

must be supported by factual allegations.").

A. <u>California Civil Code § 2923.6(c)-(d)</u>

In her first cause of action, plaintiff alleges defendant violated California Civil Code § 2923.6(c)-(d) by failing to provide a determination on her first lien mortgage modification application prior to initiating foreclosure proceedings. Defendant argues the court must dismiss plaintiff's claim because plaintiff does not allege that defendant recorded a notice of default.

Section 2923.6 prohibits "dual tracking," in which a lender proceeds with the foreclosure process while reviewing a loan modification application. See Cal. Civ. Code § 2923.6(c). "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . shall not <u>record</u> a notice of default, or conduct a trustee's sale, while the complete first lien loan modification application is pending." <u>Id.</u> (emphasis added). Section 2923.6(d) further provides that the "borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error." <u>Id.</u> § 2923.6(d). Section 2923.6(c)-(d) thus "prohibits recording a notice of default or sale and conducting that sale" while a loan modification application is pending. <u>Marquez v. U.S. Bank, N.A.</u>, Case No. CV16-06658 JAK (Ex), 2016 WL 2885857, at *7 (N.D. Cal. May 16, 2016); <u>see</u> <u>Shupe v. Nationstar Mortg. LLC</u>, Civ. No. 2:16-1221 MCE CMK, 2017 WL 431083, at *2 (E.D. Cal. Jan. 31, 2017) ("California Civil Code § 2923.6 places restrictions on the

recording of Notices of Default or Notices of Trustee's Sale while a loan modification application is pending.").

Plaintiff allegedly submitted a complete loan modification application for her first lien mortgage loan and HELOC on July 8, 2016. (Compl. ¶ 20.) Chase allegedly "commenc[ed] foreclosure before it gave Plaintiff a fair opportunity to be reviewed for a loan modification" and "fail[ed] to provide Plaintiff a determination in writing (or otherwise) on the first lien mortgage modification application before starting foreclosure proceedings." (Id. ¶ 23.) Plaintiff further alleges that defendant told her in September 2016 "that she did not qualify for a modification on the HELOC,"[2] she "was not advised that she had the right to appeal the decision," and she never "received any information regarding the first lien loan modification application." (Id. ¶ 22.)

Plaintiff does not, however, allege that defendant recorded a notice of default or sale, even though subsections (c) and (d) are causes of action that trigger once notices of default or sale are recorded. See Cal. Civ. Code § 2923.6(c); Marquez, 2016 WL 2885857, at *7. Absent an allegation that defendant recorded a notice of default or notice of sale while the first lien loan modification was pending, plaintiff's section 2923.6 claim must fail. See Castaneda v. Wells Fargo Home Mortg., Case No. 2:15-cv-08870-ODW-KS, 2016 WL 777862, at *3 (C.D. Cal. Feb. 26, 2016) (finding a mortgage servicers is not liable under

---

[2] Plaintiff's allegations regarding the loan modification of the HELOC is inapplicable to section 2923.6(c)-(d) Section 2923.6(c)-(d) is specifically limited to a "first lien loan modification." See Cal. Civ. Code § 2923.6(c)-(d).

1  section 2923.6(c) if a potential violation is remedied "prior to
2  the recordation of a trustee's deed upon sale"); Tuan Anh Le v.
3  Bank of N.Y. Mellon, 152 F. Supp. 3d 1200, 1211 (N.D. Cal. 2015)
4  (finding defendant did not violate section 2923.6(d) because it
5  did not record a notice of default).  Lastly, plaintiff does not
6  dispute that "a 'dual tracking' claim could not survive without a
7  filing of a [Notice of Default]."  (Pl.'s Opp'n 6:21-22 (Docket
8  No. 7).)

9       Because plaintiff does not allege that defendant
10 recorded a notice of default or sale, plaintiff does not allege a
11 violation of California Civil Code § 2923.6(c)-(d).  Accordingly,
12 the court must dismiss plaintiff's first cause of action.

13    B.   Negligence

14       In her second cause of action, plaintiff alleges
15 defendant was negligent when it failed to properly handle her
16 loan modification application, failed to keep her informed of the
17 status of her loan modification application, and engaged in dual
18 tracking.  "[I]n order to prevail in a negligence action,
19 plaintiffs must show that defendants owed them a legal duty, that
20 defendants breached that duty, and that the breach proximately
21 caused their injuries."  Wiener v. Southcoast Childcare Ctrs.,
22 Inc., 32 Cal. 4th 1138, 1145 (2004).  "The existence of a legal
23 duty to use reasonable care in a particular factual situation is
24 a question of law for the court to decide."  Vasquez v.
25 Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (4th Dist.
26 2004).

27       Plaintiff alleges that defendant "owe[d] Plaintiff a
28 duty of care to reasonably and fairly review her loan

1  modification." (Compl. ¶ 25.)  Defendant argues plaintiff's
2  negligence claim fails because it did not owe plaintiff a legal
3  duty of care under California law.  (Def.'s Mot. 5:24-27.)
4        "[A]s a general rule, a financial institution owes no
5  duty of care to a borrower when the institution's involvement in
6  the loan transaction does not exceed the scope of its
7  conventional role as a mere lender of money."  Nymark v. Heart
8  Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (3d Dist.
9  1991).  "This general rule also applies to loan servicers."
10 Argueta v. J.P. Morgan Chase, Civ. No. 2:11-441 WBS GGH, 2011 WL
11 2619060, at *4 (E.D. Cal. June 30, 2011).
12       However, this rule is not a "sweeping conclusion that a
13 lender never owes a duty of care to a borrower."  Newson v.
14 Countrywide Home Loans, Inc., No. C 09-5288 SBA, 2010 WL 4939795,
15 at *5 (N.D. Cal. Nov. 30, 2010) (emphasis in original); see
16 Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872, 901 (1st
17 Dist. 2013) ("Even when the lender is acting as a conventional
18 lender, the no-duty rule is only a general rule.").  Rather, the
19 test for determining whether a lender owes a duty of care to a
20 borrower involves balancing the following factors:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

26 Nymark, 231 Cal. App. 3d at 1096 (alterations in original)
27 (quoting Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958)).
28       California Courts of Appeal are split regarding whether

lenders owe borrowers a duty of care when considering loan modification applications.  In Lueras v. BAC Home Loans Servicing L.P., 221 Cal. App. 4th 49, 67-68 (4th Dist. 2013), the court held that a lender "did not have a common law duty of care to offer, consider, or approve a loan modification" because "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money."  Instead, a lender's obligations regarding loan modifications and other foreclosure alternatives "are created solely by the loan documents, statutes, regulations, and relevant directives and announcements from . . . governmental or quasi-governmental agencies."  Id. at 67.  In contrast, in Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941, 948 (1st Dist. 2014), the court held that lenders have a legal duty of care where they "allegedly agreed to consider modification of the [borrower]s' loans."  The reasoning in Alvarez was recently adopted in Daniels v. Select Portfolio Servicing, Inc., 246 Cal. App. 4th 1150, 1182-83 (6th Dist. 2016).

        Judges in this district are divided on this question.  Compare Shupe, 2017 WL 431083, at *4-5 (finding loan modifications impose no common law duties on lenders), with Martinez v. Flagstar Bank, FSB, Civ. No. 2:15-1934 KJM CKD, 2016 WL 3906810, at *8 (E.D. Cal. July 19, 2016) (finding that a lender owes a duty of care "not to make material misrepresentations about the status of an application for a loan modification").  However, the Ninth Circuit appears to find the Lueras line of cases more persuasive.  See, e.g., Anderson v.

1    Deutsche Bank Nat'l Trust Co. Ams., 649 F. App'x 550, 552 (9th
2    Cir. 2016) ("[W]e conclude that application of the Biakanja
3    factors does not support imposition of such a duty where, as
4    here, the borrowers' negligence claims are based on allegations
5    of delays in the processing of their loan modification
6    applications."); Deschaine v. IndyMac Mortg. Servs., 617 F. App'x
7    690, 693 (9th Cir. 2015) ("IndyMac did not have a common law duty
8    of care to offer, consider, or approve a loan modification, or to
9    explore and to offer [Deschaine] foreclosure alternatives."
10   (alteration in original)).

11            This court has previously concluded that financial
12   institutions do not owe a common law duty of care to borrowers.
13   See Jent v. N. Trust Corp., Civ. No. 2:13-1684 WBS CKD, 2013 WL
14   5806024, at *3 (E.D. Cal. Oct. 28, 2013).  The reasoning in the
15   subsequent Alvarez and Daniels California Court of Appeals
16   decisions do not change the court's view.  "An arm's length
17   transaction between lender and borrower does not create an
18   actionable duty of care," including when considering a loan
19   modification.  See Jent, 2013 WL 5806024, at *3 (citing Saldate
20   v. Wilshire Credit Corp., 711 F. Supp. 2d 1126, 1132 (E.D. Cal.
21   2010) (O'Neill, J.)).  A borrower and lender's rights, duties,
22   and obligations "[a]re set forth in the note and deed of trust,
23   the Forbearance Agreement, federal and state statutes and
24   regulations, and the directives and announcements of the United
25   States Department of the Treasury and Fannie Mae."  Lueras, 221
26   Cal. App. 4th at 68.  Thus, a loan servicer does not owe a
27   borrower a common law duty of care in processing a loan
28   modification application.  See Anderson, 649 F. App'x at 552.

1    Plaintiff's sole allegation regarding defendant's duty
2 of care is that defendant had an obligation to reasonably and
3 fairly review plaintiff's loan modification application.  (Compl.
4 ¶ 25.)  Under <u>Lueras</u>, this allegation is insufficient to
5 establish defendant owed plaintiff a duty of care.  Accordingly,
6 the court must dismiss plaintiff's second cause of action.
7    Plaintiff's opposition also discusses defendant's
8 alleged violation of California Civil Code § 2923.7 for failure
9 to properly provide a single point of contact.  (<u>See</u> Pl.'s Opp'n
10 5:11-6:25.)  Plaintiff's complaint clearly stated only two causes
11 of action for negligence and violation of California Civil Code §
12 2923.6(c)-(d); it does not include a cause of action under
13 California Civil Code § 2923.7.  (<u>See</u> Compl.)  If plaintiff
14 wishes to bring a claim under section 2923.7, she should clear
15 identify such a claim in her First Amended Complaint.
16    IT IS THEREFORE ORDERED that defendant's Motion to
17 dismiss be, and the same hereby is, GRANTED.
18    Plaintiff has twenty days from the date this Order is
19 signed to file a First Amended Complaint, if she can do so
20 consistent with this Order.
21 Dated:  April 5, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10