UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

ELIZABETH A. WILLIS,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.; and DOES 1-20 inclusive,

    Defendants.

CIV. NO. 2:17-00366 WBS AC

<u>MEMORANDUM AND ORDER RE: MOTION TO SET ASIDE JUDGMENT</u>

----

    Before the court is plaintiff's request for relief under Federal Rule of Civil Procedure 60(b). (Pl.'s Mot. (Docket No. 15).) The Motion requests that the court set aside its Final Judgment entered on May 5, 2017, (Docket No. 14) and grant leave to file plaintiff's proposed First Amended Complaint. (<u>Id.</u>)

    On January 12, 2017, plaintiff Elizabeth A. Willis filed a Complaint in state court against JPMorgan Chase Bank, N.A. for violation of the California Homeowner's Bill or Rights and negligence arising out of defendant's alleged mishandling of plaintiff's loan modification requests. (Def.'s Notice of Removal Ex. A.) On April 5, 2017, upon defendant's motion, the

1

court dismissed plaintiff's Complaint without prejudice to refiling an amended complaint within twenty days from the date the Order was signed. (Mem. and Order Re: Mot. to Dismiss (Docket No. 12).) On May 4, 2017, the court ordered the case closed based on plaintiff's failure to file an amended complaint by the court's deadline. (Minute Order (Docket No. 13).)

Plaintiff's counsel ("plaintiff") asks the court to reopen the judgment because she made an inadvertent error that led to her failure to file the proposed First Amended Complaint by the court ordered deadline. (Pl.'s Mot. at 4.) Plaintiff states she was out of town on a family emergency when the court granted defendant's Motion to dismiss. (Id.) She states that because of a change in staff, the office manager was not on the "serve list" and thus, the deadline to file the First Amended Complaint was not calendared and the proposed amended complaint was not filed. (Id.) Plaintiff argues this chain of events constitutes excusable neglect warranting the setting aside of the judgment under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). (Id.)

Rule 60(b) states, in relevant part, "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). The determination of whether a party's neglect of a deadline is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). In

determining whether the party's neglect of a deadline is excusable the court considers the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.; Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997).[1]

It appears the failure to file the First Amended Complaint was negligent, but the question is whether the neglect was excusable. See Briones, 116 F.3d at 382 ("Under Rule 60(b) . . . a party's failure to file on time is not "neglect" if the cause is beyond its control. . . . ")(citing Pioneer, 507 U.S. at 393-95). Ordinarily, a late filing will not be excused by negligence. Id. The court does not see how a change in staff, without more, constitutes "excusable" neglect. See Pioneer Inv. Servs. Co., 507 U.S. at 398. ("In assessing the culpability of respondents' counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice at the time

---

[1] Excusable neglect covers negligence on the part of counsel. See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000) (citing Pioneer, 507 U.S. at 395.) Before Pioneer, the Ninth Circuit held that "ignorance of court rules does not constitute excusable neglect and had applied a per se rule against the granting of relief when a party failed to comply with a deadline." Id. (citations and quotations omitted). After Pioneer, the Ninth Circuit recognized that excusable neglect "covers cases of negligence, carelessness and inadvertent mistake." Id. (citation omitted). The Pioneer court instructed district courts to apply an equitable test to determine whether the neglect was "excusable" under Rule 60(b)(1). See id. at 1224-25.

3

of the bar date.")

Further, it is counsel's duty to monitor the court's docket to stay informed of the court's orders and filing deadlines.[2] See In re Sweet Transfer & Storage, Inc., 896 F.2d 1189, 1193 (9th Cir. 1990) ("[P]arties must monitor the dockets to inform themselves of the entry of orders they may wish to appeal."). Moreover, "[a]s a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) (citation omitted).

Thus, counsel's carelessness and error in not checking the court docket to calendar the deadline to file an amended complaint does not constitute "excusable" neglect. See Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664, 666 (9th Cir. 1997) (stating "attorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6)" and "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).")) (citations and internal quotations omitted). See also Yeschick v. Mineta, 675 F.3d 622, 629-30 (6th Cir. 2012) (finding

---

[2] The court notes the minimal burden on counsel to monitor the court's docket. See Yeschick v. Mineta, 675 F.3d 622, 629 (6th Cir. 2012) ("Now that electronic dockets are widely available, the burden imposed by this affirmative duty is minimal. Attorneys may monitor the docket from the comfort of their offices; they simply need to log-on to the CM/ECF system from a computer.") (citation omitted). The court further notes that the April 4, 2017, Order (Docket No. 12) was served on counsel's email address. (See Notice of Electronic Filing for Docket No. 12.)

4

counsel's neglect in checking the docket was not excusable where counsel did not monitor the docket, did not receive notice of the electronic filings because he failed to update his email address on file with the clerk, and did not check the docket until more than one month after he learned that his email address was no longer working.)

The court must also consider the length of the delay in the context of the reason for plaintiff's delay in bringing this motion. See Souliotes v. City of Modesto, Civ. No. 115-00556, 2017 WL 1273824, at *3 (E.D. Cal. Jan. 20, 2017) (O'Neill, J.) (explaining "the length of delay in and of itself is not dispositive, but must be considered in the context of the reason for the delay."). Here, the court entered judgment in May, but counsel waited five months to ask the court to set aside the judgment and allow her to file her First Amended Complaint. The court finds this delay to be significant and weighs against granting plaintiff's motion. See id. (finding a "52-day delay between Plaintiff's missed deadline and his Rule 60 motion to be significant, and [] weighs against granting th[e] motion."); United States v. 242.93 Acres of Land, Civ. No. 10-1133 BEN (CAB), 2011 WL 13128803, at *2 (S.D. Cal. Apr. 8, 2011) ("Defendants' six-month delay in filing their Answer weighs against a finding of excusable neglect."). Moreover, the reason given for the delay--the change in staff, which resulted in the office manager not being on the serve list--does not explain why plaintiff took five months to file the Motion now before the

court.[3]

IT IS THEREFORE ORDERED that plaintiff's Motion to set aside the judgment under Federal Rule of Civil Procedure 60(b) (Docket No. 15) be, and the same hereby is, DENIED.

Dated: November 27, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Because the court finds that plaintiff's counsel's conduct was not excusable neglect, it expresses no opinion as to whether the proposed First Amended Complaint cures the deficiencies of plaintiff's original Complaint.